DOES EMPLOYMENT AS A CONSULTANT TO THE BOARD OF DIRECTORS OF THE TAHLEQUAH PUBLIC WORKS AUTHORITY SATISFY THE REQUIREMENT IMPOSED BY 82 O.S. 863(A)(3) (1991) WHICH REQUIRES THAT A MEMBER OF THE BOARD OF DIRECTORS OF THE GRAND RIVER DAM AUTHORITY MUST BE "AN OFFICIAL OF A MUNICIPALITY SERVED BY THE GRAND RIVER DAM AUTHORITY"?
YOUR QUESTION MAY BE ANSWERED BY APPLICATION OF RULES OF STATUTORY CONSTRUCTION AND THIS OFFICE HAS DETERMINED THAT THE REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
SECTION 82 O.S. 863 OF TITLE 82 OF THE OKLAHOMA STATUTES CREATES A SEVEN-MEMBER BOARD OF DIRECTORS TO DIRECT THE GRAND RIVER DAM AUTHORITY. THE STATUTE SETS FORTH A NUMBER OF GENERAL REQUIREMENTS FOR MEMBERSHIP ON THE BOARD. FOR EXAMPLE, EACH DIRECTOR MUST BE A RESIDENT OF THE DISTRICT AND MUST HAVE A DEMONSTRATED CAPABILITY IN A BUSINESS, FINANCIAL, OR PROFESSIONAL FIELD.
IN ADDITION, 82 O.S. 863 ALSO REQUIRES THAT ONE DIRECTOR "SHALL BE AN OFFICER OF A MUNICIPALITY SERVED BY THE GRAND RIVER DAM AUTHORITY." YOUR QUESTION ASKS WHETHER A PERSON WHO IS EMPLOYED BY THE BOARD OF DIRECTORS OF THE MUNICIPAL PUBLIC WORKS AUTHORITY MAY SERVE ON THE BOARD OF THE GRDA AS AN "OFFICER OF A MUNICIPALITY."
THE ENACTMENT CREATING THE GRDA DOES NOT DEFINE THE PHRASE "OFFICER OF A MUNICIPALITY," HOWEVER, A BASIC RULE OF STATUTORY CONSTRUCTION PROVIDES THAT:
 (W)HENEVER THE MEANING OF A WORD OR PHRASE IS DEFINED IN ANY STATUTE, SUCH DEFINITION IS APPLICABLE TO THE SAME WORD OR PHRASE WHEREVER IT OCCURS, EXCEPT WHERE A CONTRARY INTENTION APPEARS." 25 O.S. 1991, 25. SEE ALSO, OLIVER V. CITY OF TULSA, 654 P.2D 607 (OKLA.1982)."
THUS, IT IS APPROPRIATE TO LOOK TO OTHER STATUTORY DEFINITIONS OF THE PHRASE "OFFICER OF A MUNICIPALITY" TO DETERMINE THE MEANING OF THIS LANGUAGE AS IT IS USED IN 863.
THE OKLAHOMA MUNICIPAL CODE, 11 O.S. 1-101 (1991) ET SEQ., WHICH GOVERNS THE ORGANIZATION AND ACTIVITIES OF MUNICIPALITIES, DEFINES AN "OFFICER OR OFFICIAL" AS "ANY PERSON WHO IS ELECTED TO AN OFFICE IN MUNICIPAL GOVERNMENT OR IS APPOINTED TO FILL AN UNEXPIRED TERM OF AN ELECTED OFFICE, AND THE CLERK AND THE TREASURER WHETHER ELECTED OR APPOINTED." 11 O.S. 1-102(6) (1991).
APPLYING THIS DEFINITION OF MUNICIPAL OFFICER TO THE PHRASE "OFFICER OF A MUNICIPALITY" APPEARING IN 863, IT IS CLEAR THAT THE DIRECTOR REFERENCED BY THAT PROVISION MUST BE EITHER (1) THE HOLDER OF AN ELECTED OFFICE IN MUNICIPAL GOVERNMENT (INCLUDING ONE APPOINTED TO FILL AN UNEXPIRED TERM); (2) A MUNICIPAL CLERK; OR (3) A MUNICIPAL TREASURER. A PERSON WHO IS MERELY EMPLOYED BY THE BOARD OF DIRECTORS OF THE MUNICIPAL PUBLIC WORKS AUTHORITY DOES NOT FALL WITHIN ANY OF THESE CATEGORIES, AND THEREFORE, MAY NOT SERVE AS THE "OFFICER OF A MUNICIPALITY" DIRECTOR OF THE GRDA. OF COURSE, SUCH A PERSON MAY BE ELIGIBLE TO SERVE ON THE BOARD AS AN "AT LARGE" DIRECTOR, PROVIDED THAT THE INDIVIDUAL MEETS THE OTHER CRITERIA SET FORTH IN 863 FOR AN "AT LARGE" DIRECTOR.
(DOUGLAS F. PRICE)